UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ricky Lee Mason, et al.,                                Court File No. 16-cv-2340 (JRT/LIB)

                Plaintiffs,

v.                                                      **REPORT AND RECOMMENDATION**

Minnesota Department of Human
Services, et al.,

                Defendants.

This matter comes before the undersigned United States Magistrate Judge upon Defendants' Motion to Dismiss. [Docket No. 15]. This case has been referred to the undersigned Magistrate Judge for a Report and Recommendation, in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 15], be **GRANTED**.

I.      STATEMENT OF ALLEGED FACTS

Plaintiffs Ricky Lee Mason and Ryan Richard Swenson (collectively "Plaintiffs"), patients civilly committed in the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present lawsuit on July 7, 2016, naming as Defendants the Minnesota Department of Human Services; the Minnesota Sex Offender Program; Emily Johnson-Piper; Kevin Moser; the 2015 to present Data Practices Official of the MSOP, as Doe No. 1; the 2015 to present Minnesota Department of Human Services Data Practices Official, as Doe No. 2; and the 2015 to present Health Information Management Services (HIMS) Department, as Doe No. 3

(collectively "Defendants") demanding relief pursuant to 42 U.S.C. § 1983. (Compl., [Docket No. 1], at 1, 4).[1]

The facts in Plaintiffs' Complaint, [Docket No. 1], all surround Plaintiffs' allegation that Defendants released an Incident Report to Plaintiff Swenson which contained the name of other MSOP civil committees including the names of both Plaintiffs. (See, Id. at 5).[2] Plaintiffs assert that the MSOP is a treatment facility, and therefore, "all of the records maintained on Plaintiffs' [sic] at the MSOP-ML are considered medical records[.]"(Id.).

On January 18, 2016, Plaintiff Swenson requested a copy of the Incident Report[3] through the MSOP client request system. (Id.). Plaintiff Swenson received the Incident Report on June 13, 2016. (Id.). Upon review of the Incident Report, Plaintiff Swenson observed Plaintiff Mason's name, a description of Plaintiff Mason's behavior, and "other sensitive information that Plaintiff Swenson was not supposed to be privy to." (Id.).

Upon observation of Plaintiff Mason's name, Plaintiff Swenson spoke with Plaintiff Mason and informed him of the information contained in the Incident Report. (Id.). The record does not explain the exact contents of the Incident Report. (See, Id.).

Plaintiff Mason alleges he has suffered injury to his reputation due to others being able to read about his behavior in the Incident Report. (Id. at 6). Plaintiff Swenson alleges that he has

---

[1] These are the Defendants as listed in the caption of Plaintiffs' Complaint. (See, Id.). In the body of Plaintiffs' Complaint, in the section where Plaintiffs listed each Defendant's full name, official position, and place of employment Plaintiffs also list Shelby Richardson as an additional Defendant. This, however, appears to be a clerical error as she is not in the caption of Plaintiffs' Complaint and Plaintiffs do not appear to have requested a summons in her name. (See, Compl. [Docket No. 1]; Summons Issued [Docket No. 8]). As such, the Court does not include her as a Defendant in the present case. In any event, her inclusion or exclusion does not affect the Court's analysis in the present Report and Recommendation.

[2] The facts of Plaintiffs' Complaint are all contained under the header "Breach of Privacy Via Shared Medical Information." (Id.).

[3] The Incident Report, which was created on July 18, 2015, was identified as "id. 2015020285;" was labelled as "Level 1 Confidential;" and contained the names of several MSOP civil committees, including both Plaintiffs in the present case. (Id.).

suffered injury due to being exposed to the private information of another to which he was not privy. (Id.). Plaintiffs' Complaint does not allege any specific causes of action. (See, Id.).

## II.   DEFENDANTS' MOTION TO DISMISS. [DOCKET NO. 15].

Defendants move this Court for an Order dismissing Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) reasoning that this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and in the alternative, for an Order dismissing Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) reasoning that Plaintiffs have also failed to state a claim upon which relief may be granted. (Defs.' Mot. to Dismiss [Docket No. 15]).

### A. Standard of Review

Federal courts are courts of limited jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." Id. (internal quotations and citations omitted). To invoke federal question jurisdiction, a plaintiff must plead a cause of action arising under federal law or the Constitution. 28 U.S.C. § 1331. A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. See gen., Oglala Sioux Tribe v. C&W Enterp., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (internal citations omitted) (citing Hagans v. Lavin, 415 U.S. 528, 537–38 (1974)). In other words, merely because a plaintiff states in the complaint

that the Court has subject matter jurisdiction does not make it so. It is the burden of the party asserting jurisdiction to prove that jurisdiction exists. VS Ltd. P'ship. v. Department of Hous. & Urban Dev., 235 F.3d 1109, 112 (8th Cir. 2000).

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge at any time the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See, Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiffs' factual allegations. Osborn, 918 F.2d at 729–30, n.6.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

**B. Analysis**

Defendants filed the present motion to dismiss and their accompanying memorandum on December 30, 2016. (Defs.' Mot. [Docket No. 15)]; Defs.' Mem. [Docket No. 18]). On January 4, 2017, this Court established a briefing schedule directing Plaintiffs to file their response to Defendants' motion to dismiss by no later than January 20, 2017. (Order [Docket No. 21]).

4

Plaintiffs have filed no such response, and they have taken no action in the present case since the filing of Defendants' motion to dismiss.

### 1. Plaintiffs Fail to Establish Subject Matter Jurisdiction to Maintain Their Section 1983 Claim

Plaintiffs purport to maintain the present action pursuant to 42 U.S.C. § 1983. For relief pursuant to 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a [federal] constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of St. Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). Although Plaintiffs invoke § 1983, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." Alexander v. Hedback, 718 F.3d 762, 765 (8th Cir. 2013) (citing Lind v. Midland Funding, LLC, 688 F.3d 402, 405 (8th Cir. 2012)). Section 1983 does not itself grant jurisdiction. Hagans, 415 U.S. at 534.

As noted above in Section I, supra, Plaintiffs' entire Complaint and all the facts pled therein revolve around one single factual scenario: Defendants allegedly produced to Plaintiff Swenson an Incident Report which contained the allegedly private information of Plaintiff Mason. (See, Compl. [Docket No. 1]). Plaintiff pleads no facts supporting any action or omission other than Defendants producing an Incident Report to Plaintiff Swenson. (See, Id.). Other than the title of Plaintiffs' Complaint including a reference to 42 U.S.C. § 1983, Plaintiffs' Complaint fails to reference any federal statute or federal constitutional law. (See, Id.).

As the label to the factual section of Plaintiffs' Complaint contains a passing reference to a "Breach of Privacy," construing the pleading very liberally, it might be assumed that Plaintiffs

5

attempted to raise a claim alleging that their privacy was violated. (See, Id.). This claim that their privacy was violated, however, sounds in state law[4] and does not arise under federal law or the United States Constitution.[5] For instance, Plaintiffs' Complaint may be seen to allege a state law tort claim for public disclosure of private information or that Defendants released the Incident Report in violation of the Minnesota Government Data Practices Act. Minn. Stat. § 13.08.

As a matter of law, however, a violation of state law or a state statute cannot create federal question jurisdiction. See, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added). In the present case, it is abundantly clear to this Court that Plaintiffs' attempted cause of action sounds solely in state law, not federal law. There is no factual allegation that Defendants have done anything besides produced to Plaintiff Swenson an Incident Report which contained the allegedly private information of Plaintiff Mason in putative violation of a state law.

Therefore, as a matter of law, Plaintiffs' Complaint, construed liberally, contains only state law claims at best that do not give rise to federal question jurisdiction under § 1983.[6]

---

[4] The Minnesota Supreme Court recognized the tort of invasion of privacy in Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231 (Minn. 1998).

[5] While Courts have recognized that "notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives," very few disclosures of personal information will implicate a constitutional right to privacy and only under certain circumstances. Cooksey v. Boyer, 289 F.3d 513, 515–16 (8th Cir. 2002). "[T]o violate [one's] constitutional right to privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993); Cooksey, 289 F.3d at 515–16. Plaintiffs have made no such allegations in the present case. (See, Compl. [Docket No. 1]).

[6] The Court notes that Plaintiffs have also failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs plead that they are both currently, and "at all times," civil committees with the Minnesota Sex Offender Program and Defendants are all either entities of or employees of Defendant the Minnesota Department of Human Services. As such, diversity of citizenship cannot exist, and Plaintiffs cannot establish federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### 2. Plaintiffs' Purported Health Insurance and Portability Accountability Act Claim

Plaintiffs' Complaint also conclusorily alleges that because the MSOP is a treatment facility "all of the records maintained on Plaintiffs' [sic] at the MSOP-ML are considered medical records," and therefore, the information contained in the Incident Report—without regard for its content—was private medical information. (Compl., [Docket No. 1], at 5). Although there is no actual reference to it, Plaintiffs' Complaint might also be construed (albeit liberally) to assert a claim against Defendants for an alleged violation of the Health Insurance and Portability Accountability Act ("HIPAA"). Even assuming, without deciding, that the Incident Report constitutes medical information, Plaintiffs' HIPAA claim still fails.

Even generously and liberally construing Plaintiffs' Complaint, any purported HIPPA claim would fail as a matter of law as the HIPAA does not create any private right of action. "HIPPA was enacted in order to assure an individual's right to privacy in his or her medical records." In re National Hockey League Players' Concussion Injury Litigation, 120 F. Supp. 3d 942, 953 (D. Minn. 2015). The Eighth Circuit Court of Appeals, as well as, other circuits who have considered the issue, have explicitly determined that the HIPAA does not create a private right of action, and therefore, it cannot form the basis for an action brought pursuant to 42 U.S.C. § 1983. See, Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Adams v. Eureka Fire Prot. Dist., 352 Fed. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action."); see, Acara v. Banks, 470 F.3d 569 (5th Cir. 2006); Agee v. United States, 72 Fed. Cl. 284, 289–90 (2006).

Therefore, any possible purported claim under the HIPAA in the present case also fails as a matter of law, and consequently, there is not a federal question presented to support subject matter jurisdiction in this Court.

Accordingly, the Court recommends **GRANTING** Defendants' Motion to Dismiss, [Docket No. 15], thereby dismissing Plaintiffs' Section 1983 claims for lack of subject matter jurisdiction.[7]

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendants' Motion to Dismiss, [Docket No. 15], be **GRANTED**; and

2. That all of Plaintiffs' claims be **DISMISSED** as set forth above.

Dated: April 3, 2017                                               s/Leo I. Brisbois
                                                                               Leo I. Brisbois
                                                                               United States Magistrate Judge

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

[7] As this Court recommends dismissal of Plaintiffs' claim for lack of subject matter jurisdiction, the Court does not reach Defendants' other arguments.